**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4067**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

QUANDON HA'SON WILSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00224-WO-1)

Submitted:  August 30, 2019                              Decided:  September 23, 2019

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cheryl D. Andrews, HOLTON LAW FIRM, PLLC, Winston-Salem, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quandon H. Wilson appeals his convictions and 108-month sentence imposed by the district court after he pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2 (2012), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but asking that this court conduct its independent examination pursuant to *Anders*. Wilson was informed of his right to file a supplemental pro se brief but has not done so. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of the nature of the charges to which he is pleading guilty, the statutory penalties he faces, and the rights he is relinquishing as a result of the plea. Fed. R. Crim. P. 11(b)(1). Furthermore, the district court must determine that the defendant's guilty plea is knowing, voluntary, and supported by an adequate factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Because Wilson neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (discussing standard of review).

In this case, the district court substantially complied with the Rule 11 requirements, failing only to inform Wilson of the possible immigration consequences of pleading guilty. *See* Fed. R. Crim. P. 11(b)(1)(O). Because the relevant information appeared in Wilson's

2

plea agreement and he is a natural born United States citizen, his substantial rights were not affected. Moreover, the district court correctly found that Wilson's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Thus, we sustain Wilson's convictions.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In this case, the district court properly calculated the Sentencing Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *See Gall*, 552 U.S. at 49-51. The court correctly calculated the Guidelines range and specifically discussed Wilson's mental condition, Wilson's lack of criminal history, the seriousness of the offense, and the § 3553(a) factors in support of its decision not to depart or vary from the Guidelines range and to impose a sentence at the bottom of that range.

We next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a sentence imposed "within or below a properly calculated Guidelines range is . . . reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). In this case, the district court sentenced Wilson within the properly calculated Guidelines range, and nothing in the record overcomes the presumption of reasonableness. Thus, we conclude that Wilson's sentence is procedurally and substantively reasonable.

3

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*